UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| F2VS TECHNOLOGIES, LLC, | CIVIL ACTION NO. 1:17-cv-00754-RGA |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| ARUBA NETWORKS, INC., | |
| Defendant. | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff F2VS Technologies, LLC (hereinafter, "Plaintiff" or "F2VS"), by and through its undersigned counsel, files this First Amended Complaint for Patent Infringement against Defendant Aruba Networks, Inc. (hereinafter, "Defendant" or "Aruba") as follows:

## NATURE OF THE ACTION

1.      This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent Nos. 7,379,981 (hereinafter, the "'981 Patent"), 8,700,749 (hereinafter, the "'749 Patent"), and 8,855,019 (hereinafter, the "'019 Patent") (collectively, the "Patents-in-Suit"), copies of which are attached hereto as **Exhibits A, B and C,** respectively.  Plaintiff is the owner of the Patents-in-Suit.  Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.      F2VS is a limited liability company organized and existing under the laws of the State of Delaware and maintains its principal place of business at 375 Park Avenue, Suite 2607, New York, New York, 10152 (New York County).

3.      Based upon public information, Defendant Aruba Networks, Inc. is a corporation duly organized and existing under the laws of the state of Delaware since February 11, 2002, and has its principal place of business located at 3333 Scott Boulevard, Santa Clara, California, 95054 (Santa Clara County).  Defendant may be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801 (New Castle County).

4.      Based upon public information, Defendant ships, distributes, makes, uses, offers for sale, sells, and/or advertises its products under the Aruba AirMesh brand.

### JURISDICTION AND VENUE

5.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6.      The Court has personal jurisdiction over Aruba because: Aruba has minimum contacts within the State of Delaware and in the District of Delaware; Aruba has purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; Aruba has sought protection and benefit from the laws of the State of Delaware and is incorporated there; Aruba regularly conducts business within the State of Delaware and within the District of Delaware, and Plaintiff's causes of action arise directly from Aruba's business contacts and other activities in the State of Delaware and in the District of Delaware.

7.      More specifically, Aruba, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of Delaware, and the District of Delaware.  Based upon

public information, Aruba has committed patent infringement in the State of Delaware and in the District of Delaware.  Aruba solicits customers in the State of Delaware and in the District of Delaware.  Aruba has many paying customers who are residents of the State of Delaware and the District of Delaware and who use Aruba's products in the State of Delaware and in the District of Delaware.  Aruba is also incorporated in the State of Delaware and in the District of Delaware.

8.      Venue is proper pursuant to 28 U.S.C. §1400(b) because Aruba resides in the District of Delaware because of its formation under the laws of Delaware.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Aruba resides in the District of Delaware because of its formation under the laws of Delaware, which subjects it to the personal jurisdiction of this Court.

## BACKGROUND INFORMATION

10.     The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office on May 27, 2008 (the '981 Patent), April 15, 2014 (the '749 Patent), and October 7, 2014 (the '019 Patent) after full and fair examinations.  Plaintiff is the owner of the Patents-in-Suit, and possesses all right, title and interest in the Patents-in-Suit including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Aruba for infringement and recover past damages.

11.     Based upon public information, Aruba owns, operates, advertises, and/or controls the website www.arubanetworks.com, through which Aruba advertises, sells, offers to sell, provides and/or educates customers about its products and services, including but not limited to the following products (collectively, the "Accused Products and Services") from the Aruba AirMesh Product Portfolio of outdoor and indoor wireless routers for mesh and point-to-multipoint

connections, including the following models: MSR1200, MSR2000, MSR4000, and MST200.
Evidence obtained from Aruba's website (and others) regarding these products is provided in
**Exhibits D through G,** and is also located at:

- http://www.arubanetworks.com/products/networking/outdoor-mesh/

- http://www.arubanetworks.com/assets/so/AirMeshSolutionBrochure.pdf

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 7,379,981**

12.      Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-11 above.

13.      Plaintiff is informed and believes that Aruba has infringed and continues to infringe
the '981 Patent, either literally or under the doctrine of equivalents, through the manufacture and
sale of infringing products under the Aruba AirMesh brand, and other product lines.  Based upon
public information, Aruba has infringed and continues to infringe one or more claims of the '981
Patent, including Claim 1, because it ships distributes, makes, uses, imports, offers for sale, sells,
and/or advertises devices that form a self-configuring wireless network that incorporates a group
of virtual nodes (Access Points) coupled to a gateway (mesh routers) to provide a communication
access point between the nodes and an external network (remote control via internet or other
network), including at least the Accused Products and Services.   For example, the Accused
Products and Services infringe at least claim 1 of the '981 Patent by providing Defendant's
customers with "High-Performance Outdoor Connectivity with Aruba Wireless Mesh Networks."
See **Exhibit E,** at p.2.  More specifically, "Aruba AirMesh wireless mesh routers allow industrial
enterprises and municipalities to establish reliable network connectivity almost anywhere.
Intelligent routing delivers scalable, reliable networking services, and a multi-radio architecture

delivers massive capacity." Id. at p.3.  Information about the capabilities of the Accused Products and Services is available on Defendant's website.  See, e.g., **Exhibits D, F, and G.**

14.      Based upon public information, Aruba has intentionally induced and continues to induce infringement of one or more claims of the '981 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Aruba's customers to use the Accused Products and Services in an infringing manner.  To the extent that Aruba is not the only direct infringer of the '981 Patent, customers that have purchased and/or used the Accused Products and Services, constitute direct infringers.  Despite knowledge of the '981 Patent as early as the date of service of the Original Complaint in this action (D.I. 1), Aruba, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '981 Patent.  Based upon public information, the provision of and sale of the Accused Products and Services is a source of revenue and a business focus of Aruba. See **Exhibit E.**  Based upon public information, Aruba specifically intends its customers to use its products and services in such a way that infringes the '981 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Aruba's website including information brochures, promotional material, and contact information.  Specifically, Aruba offers design services to select, deploy and integrate Aruba's products to assist its customers in establishing and using mesh systems.  See e.g. **Exhibits D**, **F and G.**  Based upon public information, Aruba knew that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by

PLAINTIFF'S FIRST AMENDED COMPLAINT

its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

15.     Aruba's aforesaid activities have been without authority and/or license from Plaintiff.

16.     Plaintiff is entitled to recover from Aruba the damages sustained by Plaintiff as a result of Aruba's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

17.     Aruba's infringement of Plaintiff's rights under the '981 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,700,749

18.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-11 above.

19.     Plaintiff is informed and believes that Aruba has infringed and continues to infringe the '749 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under the Aruba AirMesh brand, and other product lines.  Based upon public information, Aruba has infringed and continues to infringe one or more claims of the '749 Patent, including Claim 1, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises devices that form a self-configuring wireless network that incorporates a group of virtual nodes (Access Points) coupled to a gateway (mesh routers) to provide a communication access point between the nodes and an external network (remote control via internet or other network), including at least the Accused Products and Services.  For example, the Accused

Products and Services infringe at least claim 1 of the '749 Patent by providing Defendant's customers with "High-Performance Outdoor Connectivity with Aruba Wireless Mesh Networks." See **Exhibit E,** at p.2.  More specifically, "Aruba AirMesh wireless mesh routers allow industrial enterprises and municipalities to establish reliable network connectivity almost anywhere. Intelligent routing delivers scalable, reliable networking services, and a multi-radio architecture delivers massive capacity." Id. at p.3.  Information about the capabilities of the Accused Products and Services is available on Defendant's website.  See, e.g., **Exhibits D, F, and G.**

20.     Based upon public information, Aruba has intentionally induced and continues to induce infringement of one or more claims of the '749 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Aruba's customers to use the Accused Products and Services in an infringing manner.  To the extent that Aruba is not the only direct infringer of the '749 Patent, customers that have purchased and/or used the Accused Products and Services, constitute direct infringers.  Despite knowledge of the '749 Patent as early as the date of service of the Original Complaint in this action (D.I. 1), Aruba, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '749 Patent.  Based upon public information, the provision of and sale of the Accused Products and Services is a source of revenue and a business focus of Aruba. See **Exhibit E.**  Based upon public information, Aruba specifically intends its customers to use its products and services in such a way that infringes the '749 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Aruba's website including

information brochures, promotional material, and contact information.  Specifically, Aruba offers design services to select, deploy and integrate Aruba's products to assist its customers in establishing and using mesh systems.  See e.g. **Exhibits D**, **F and G.**  Based upon public information, Aruba knew that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

21.     Aruba's aforesaid activities have been without authority and/or license from Plaintiff.

22.     Plaintiff is entitled to recover from Aruba the damages sustained by Plaintiff as a result of Aruba's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

23.     Aruba's infringement of Plaintiff's rights under the '749 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

### COUNT III
### INFRINGEMENT OF U.S. PATENT NO. 8,855,019

24.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-11 above.

25.     Plaintiff is informed and believes that Aruba has infringed and continues to infringe the '019 Patent, either literally or under the doctrine of equivalents, through the manufacture and sale of infringing products under the Aruba AirMesh brand, and other product lines.  Based upon public information, Aruba has infringed and continues to infringe one or more claims of the '019

Patent, including Claim 1, because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises devices that form a self-configuring wireless network that incorporates a group of virtual nodes (Access Points) coupled to a gateway (mesh routers) to provide a communication access point between the nodes and an external network (remote control via internet or other network), including at least the Accused Products and Services.  For example, the Accused Products and Services infringe at least claim 1 of the '019 Patent by providing Defendant's customers with "High-Performance Outdoor Connectivity with Aruba Wireless Mesh Networks."  See **Exhibit E,** at p.2.  More specifically, "Aruba AirMesh wireless mesh routers allow industrial enterprises and municipalities to establish reliable network connectivity almost anywhere. Intelligent routing delivers scalable, reliable networking services, and a multi-radio architecture delivers massive capacity." Id. at p.3.  Information about the capabilities of the Accused Products and Services is available on Defendant's website.  See, e.g., **Exhibits D, F, and G.**

26.     Based upon public information, Aruba has intentionally induced and continues to induce infringement of one or more claims of the '019 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Aruba's customers to use the Accused Products and Services in an infringing manner.  To the extent that Aruba is not the only direct infringer of the '019 Patent, customers that have purchased and/or used the Accused Products and Services, constitute direct infringers.  Despite knowledge of the '019 Patent as early as the date of service of the Original Complaint in this action (D.I. 1), Aruba, based upon public information, continues to encourage, instruct, enable, and otherwise cause its customers to use its products and services, in a manner which infringes the '019 Patent.  Based upon public information, the provision of and

sale of the Accused Products and Services is a source of revenue and a business focus of Aruba. See **Exhibit E.**  Based upon public information, Aruba specifically intends its customers to use its products and services in such a way that infringes the '019 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Aruba's website including information brochures, promotional material, and contact information.  Specifically, Aruba offers design services to select, deploy and integrate Aruba's products to assist its customers in establishing and using mesh systems.  See e.g. **Exhibits D**, **F and G.**  Based upon public information, Aruba knew that its actions, including, but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

27.     Aruba's aforesaid activities have been without authority and/or license from Plaintiff.

28.     Plaintiff is entitled to recover from Aruba the damages sustained by Plaintiff as a result of Aruba's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

29.     Aruba's infringement of Plaintiff's rights under the '019 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

PLAINTIFF'S FIRST AMENDED COMPLAINT

**JURY DEMAND**

30.     Plaintiff demands a trial by jury on all issues.

**PRAYER FOR RELIEF**

31.     Plaintiff respectfully requests the following relief:

A.      An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Aruba;

B.      An adjudication that Aruba has induced infringement of one or more claims of the Patents-in-Suit based upon post-filing date knowledge of the Patents-in-Suit;

C.      An award of damages to be paid by Aruba adequate to compensate Plaintiff for Aruba's past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Aruba's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D.      A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Aruba and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the Patents-in-Suit;

E.      That this Court declare this to be an exceptional case and award Plaintiff its

reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

F.      Any further relief that this Court deems just and proper.

Dated: <u>October 4, 2017</u>

Respectfully submitted,

<u>/s/ Stamatios Stamoulis</u>

**STAMOULIS & WEINBLATT LLC**
Stamatios Stamoulis (#4606)
stamoulis@swdelaw.com
Richard C. Weinblatt (#5080)
weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, Delaware 19809
Telephone: (302) 999-1540

**HENINGER GARRISON DAVIS, LLC**
James F. McDonough, III (Bar No. 117088, GA)*
Jonathan R. Miller (Bar No. 507179, GA)*
Travis E. Lynch (Bar No. 162373, GA)*
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0869, -0863, -0867
Facsimile: (205) 547-5502, -5506, -5515
Email: jmcdonough@hgdlawfirm.com
Email: jmiller@hgdlawfirm.com
Email: tlynch@hgdlawfirm.com

***Attorneys for Plaintiff***
***F2VS Technologies, LLC***

* admitted *Pro Hac Vice*