IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| F2VS TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ARUBA NETWORKS, INC.,<br><br>Defendant. | Civil Action No. 17-cv-0754-RGA |
| F2VS TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RUCKUS WIRELESS, INC.,<br><br>Defendant. | Civil Action No. 17-cv-0756-RGA |
| F2VS TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DAINTREE NETWORKS, INC.,<br><br>Defendant. | Civil Action No. 17-cv-1713-RGA |

**MEMORANDUM ORDER**

Presently before the Court are Defendant Aruba Networks, Inc.'s motion to dismiss Plaintiff's first amended complaint ("FAC") (C.A. No. 17-754, D.I. 12), Defendant Ruckus Wireless, Inc.'s. motion to dismiss Plaintiff's FAC (C.A. No. 17-756, D.I. 13), and Defendant

Daintree's joinder in the motions to dismiss filed by Defendants Aruba and Ruckus. (C.A. No. 17-1713, D.I. 11).[1] The issues have been fully briefed. (D.I. 13, 14, 15; C.A. No. 17-756, D.I. 14, 15, 17; C.A. No. 17-1713, D.I. 11, 13, 14). For the reasons stated herein, Aruba's and Ruckus's motions are **GRANTED**, and Daintree's joinder is **DENIED**.

## I. BACKGROUND

On June 13, 2017, Plaintiff filed patent infringement actions against Defendants Aruba Networks, Inc. (D.I. 1) and Ruckus Wireless, Inc. (C.A. No. 17-756, D.I. 1). On November 28, 2017, Plaintiff filed suit against Defendant Daintree Networks, Inc. (C.A. No. 17-1713, D.I. 1).

Ruckus filed a motion to dismiss Plaintiff's complaint on August 9, 2017 (C.A. No. 17-756, D.I. 9), and Aruba filed a motion to dismiss Plaintiff's complaint on September 20, 2017. (D.I. 8). Plaintiff filed a FAC against Ruckus on August 23, 2017 (C.A. No. 17-756, D.I. 12), and filed a FAC against Aruba on October 4, 2017 (D.I. 11). Following service of Plaintiff's amended complaints, Ruckus (C.A. No. 17-756, D.I. 13) and Aruba (D.I. 12) each filed motions to dismiss Plaintiff's FACs. On February 8, 2018, Daintree filed a joinder in Aruba's and Ruckus's motions to dismiss. (C.A. No. 17-1713, D.I. 11).

Plaintiff accuses each Defendant of infringing U.S. Patent Nos. 7,379,981 ("the '981 patent"); 8,700,749 ("the '749 patent"); and 8,855,019 ("the '019 patent") owned by Plaintiff. (D.I. 11, ¶ 1; C.A. No. 17-756, D.I. 12, ¶ 1; C.A. No. 17-1713, D.I. 1, ¶ 1). Plaintiff asserts claims of direct infringement and induced infringement. (*E.g.*, D.I. 11, ¶¶ 13-14; C.A. No. 17-756, D.I. 12, ¶¶ 13-14; C.A. No. 17-1713, D.I. 1, ¶¶ 13-14).

---

[1] All docket item references in this opinion are to C.A. No. 17-754 unless otherwise specified.

## II. LEGAL STANDARD

Rule 8 requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *See Johnson v. City of Shelby*, 135 S.Ct. 346, 346 (2014).

A plaintiff must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

### A. Direct Infringement

The parties dispute whether Plaintiff's FAC against Aruba has adequately pled direct infringement claims. (D.I. 13 at 14-16; D.I. 14 at 12-14). Plaintiff accuses several Aruba outdoor and indoor wireless routers of infringing the claims, asserting that Aruba's mesh routers satisfy the "gateway" limitation. (D.I. 11, ¶¶ 11, 13). The asserted claims, however, are directed to a wireless network comprising a group of wireless network nodes and one or more gateways that provide a communication access point between one or more of the nodes and an external network. (*E.g.*, '019 patent, claim 1). Though a router may be an essential part of a network, I do not think it is plausible to claim that a router itself is a network. Therefore, router sales do not form the basis for a cognizable direct infringement claim. It is possible, however, that a router may be used in a network that infringes the asserted claims. But Plaintiff has failed to plead facts that would support a plausible inference that Aruba or Aruba's customers have used any of the accused routers in a network that infringes the asserted claims. Plaintiff alleges only that unidentified customers use Aruba's products "in establishing and using mesh systems" without reciting facts to support the allegation that a mesh system would infringe the asserted claims. (D.I. 11, ¶ 14).[2] I find this insufficient to establish a direct infringement claim against Aruba or its customers.

Plaintiff's allegations against Ruckus are similar, accusing certain Ruckus access points of meeting the "virtual nodes" and "gateway" limitations, and accusing certain Ruckus controllers of meeting the "gateway" limitation. (C.A. No. 17-756, D.I. 12, ¶ 13). Even assuming that Ruckus's

---

[2] For factual support that Aruba's customers' use of the accused products is infringing, Plaintiff cites, in wholesale fashion, Exhibits D, F, and G to the Aruba FAC. (D.I. 11, ¶ 14). Together, these exhibits total roughly 75 pages. Rule 8 requires that the complaint on its face must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A plaintiff may not rely on exhibits attached to the complaint as a substitute for pleading facts sufficient to demonstrate its entitlement to relief. I will not parse through Plaintiff's roughly 75 pages of exhibits to determine if there are facts stated therein that may support the claims in Plaintiff's FAC.

4

controllers and access points can be used to form a network, the sale of these components individually does not plausibly amount to direct infringement. Plaintiff has not pled sufficient facts to support its claim that the accused products are used in a way that would form an infringing network. Plaintiff's allegations that specific Ruckus customers directly infringe contain no explanation of why those customers infringe. (*Id.* ¶ 14 ("[C]ustomers that have purchased and/or used the Accused Products, including the Snowbird Resort and Baruch College, constitute direct infringers.")). Plaintiff's allegation that Ruckus assists its customers in using the accused products "in establishing and using mesh systems" is insufficient to support a plausible claim of direct infringement for the same reason discussed with respect to Aruba.

Defendant Daintree argues that Plaintiff "makes substantially the same allegations of direct and indirect infringement against Daintree as against Aruba and Ruckus other than substituting exemplary products of Daintree for those of Aruba and Ruckus." (C.A. No. 17-1713, D.I. 11 at 1). Plaintiff's complaint against Daintree is more similar to Plaintiff's FAC against Ruckus than to Plaintiff's FAC against Aruba. As in the Ruckus FAC, Plaintiff accuses specific Daintree products (in Daintree's ControlScope Wireless Lighting Controls Portfolio) of meeting both the "virtual nodes" limitation (various wireless area controllers, wireless adapters, and wireless sensors, and a wireless thermostat) and the "gateway" limitation (certain wireless area controllers). (C.A. No. 17-1713, D.I. 1, ¶¶ 11, 13). For the same reasons discussed with respect to Aruba and Ruckus, Daintree's sales of these components individually is insufficient to establish a claim for direct infringement by Daintree. Unlike the Ruckus FAC, however, I find that Plaintiff's complaint against Daintree pleads sufficient facts to support its claim that Daintree customers use the accused products in a way that infringes the claims. Plaintiff's complaint against Daintree

5

references a Daintree Networks publication[3] describing the National Bank of Arizona's use of Daintree's ControlScope product line to automate functions such as HVAC and lighting in the bank's Prescott, Arizona location. (*See id.* ¶ 14 n.1, ¶ 20 n.2, ¶ 26 n.3). Implementing Daintree's ControlScope product line provided the National Bank of Arizona the ability to monitor the lighting and HVAC systems remotely and the ability to "take action immediately based on the real time information and reports." Case Study: National Bank of Arizona Achieves Huge Energy Savings, Daintree Networks, 2 (2015), https://products.currentbyge.com/sites/products.currentbyge.com/files/documents/document_file/Case-Study-Daintree-Networks-National-Bank-of-Arizona.pdf. Therefore, I conclude that Plaintiff has provided sufficient facts to support its claim that the National Bank of Arizona, a Daintree customer, directly infringes the asserted patent claims. The Daintree publication also touts the "fast installation" of the ControlScope system, noting that, "[t]he installation at the three thousand square foot Prescott facility [of the National Bank of Arizona] was completed in less than two days." *Id.* I conclude that this provides factual support for Plaintiff's claim that Daintree uses a system that directly infringes the asserted claims because it makes plausible the assertion that Daintree is involved in installing ControlScope systems for its customers.

Therefore, I will dismiss without prejudice Plaintiff's direct infringement claims against Aruba and Ruckus, but not against Daintree.

### B. Indirect Infringement

Under 35 U.S.C. § 271(b), "whoever actively induces infringement of a patent shall be liable as an infringer." In order to plead induced infringement, the patentee "must show direct

---

[3] Though it is not attached as an exhibit to Plaintiff's complaint against Daintree, the complaint cites this two-page Daintree case study to support each of its induced infringement claims. I thus find it appropriate to consider this case study in deciding Daintree's joinder in Aruba's and Ruckus's motions to dismiss.

6

infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts "plausibly showing that [the defendant] specifically intended [a third party] to infringe [the asserted patents] and knew that the [third party's] acts constituted infringement." *In re Bill of Lading*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

Since Plaintiff has failed to adequately plead a direct infringement claim in its FACs against Aruba and Ruckus, Plaintiff's induced infringement claims against these Defendants are not plausible. Plaintiff has failed to provide any facts supporting its direct infringement claims against third parties ("customers" in the Aruba FAC, and "Snowbird Resort" and "Baruch College" in the Ruckus FAC). Accordingly, I will dismiss Plaintiff's induced infringement claims against Aruba and Ruckus without prejudice.

By contrast, Plaintiff's complaint against Daintree plausibly alleges that Daintree's customers, including the National Bank of Arizona, directly infringe the asserted claims. (C.A. No. 17-1713, D.I. 1, ¶ 14). The complaint further asserts that Daintree had knowledge of the asserted patents and its customers' infringement as of the date the complaint was served. (*Id.*). According to the complaint, Daintree induces infringement by its customers (such as the National Bank of Arizona) because Daintree provides the accused products to its customers and provides support for the accused products, despite its knowledge of the asserted patents. (*Id.*). I find this sufficient to establish a plausible claim for induced infringement against Daintree.

## IV. CONCLUSION

For the reasons stated above, Aruba's motion to dismiss Plaintiff's FAC (D.I. 12) and Ruckus's motion to dismiss Plaintiff's FAC (C.A. No. 17-756, D.I. 13) are **GRANTED** with leave

to replead. Plaintiff has three weeks to file second amended complaints against Aruba and Ruckus. I **DENY** Daintree's joinder (C.A. No. 17-1713, D.I. 11) in the motions to dismiss filed by Aruba and Ruckus.

IT IS SO ORDERED.

Entered this 10 day of April, 2018.

*Richard G. Andrews*
United States District Judge